**WEYERHAUSER COMPANY (EVERITT LUMBER DIVISION), a Washington corporation, Plaintiff–Appellant,**

v.

**COLORADO QUALITY RESEARCH, INC., a Colorado corporation; Home Federal Savings & Loan Association of the Rockies; Gerald L. Jantz, d/b/a Jantz Construction, Inc., Defendants–Appellees.**

No. 87CA1655.

Colorado Court of Appeals,
Div. IV.

Feb. 23, 1989.

Rehearing Denied March 23, 1989.

Certiorari Denied Aug. 7, 1989.

---

Korb & Carroll, Joseph T. Carroll, Jr., Fort Collins, for plaintiff-appellant.

Sorensen and Konkel, Craig Stirn, Fort Collins, for defendant-appellee Colorado Quality Research, Inc. and Home Federal Sav. & Loan Ass'n of the Rockies.

Dickson & Dickson, P.C., Charles B. Dickson, Greeley, for defendant-appellee Gerald L. Jantz, d/b/a Jantz Const., Inc.

TURSI, Judge.

Plaintiff, Weyerhauser Company, appeals the summary judgment entered in favor of defendants, which effected a dismissal of Weyerhauser's action to foreclose its claimed mechanic's lien. We reverse.

The material facts are not disputed. On October 17, 1985, Weyerhauser mailed notices of intent to file a lien statement to defendant Colorado Quality Research, Inc., the owner of certain realty, and defendant Gerald L. Jantz, the principal contractor, claiming Weyerhauser was owed $29,679.27 for construction materials furnished to the property. The notices were sent by certified mail, return receipt requested, as required by § 38–22–109(3), C.R.S. (1982 Repl.Vol. 16A).

Jantz received its notice the next day, as evidenced by the return receipt. While the owner received notice as well, the receipt was returned undated, and the date of receipt could not be determined. The lien statement, including an affidavit that service by mail was effected on October 17, was filed on October 28, 1985. Since no evidence existed that the owner had received the notice at least ten days prior to the filing of the lien statement, the trial court concluded that the lien was invalid.

Section 38–22–109(3) provides in pertinent part that:

"In order to preserve any [mechanics'] lien ... there must be a notice of intent to file a lien statement served upon the owner ... and the principal or prime contractor ... at least ten days before the time of filing the lien statement.... Such notice of intent shall be served by personal service or by registered or certified mail, return receipt requested, addressed to the last known address of such persons, *and an affidavit of such service or mailing at least ten days before filing of the lien statement ... shall be filed for record with said statement and shall constitute proof of such service.*" (emphasis supplied)

This language is clear and unambiguous and will, thus, be given effect according to its plain and obvious meaning. *Davis v. Izaak Walton League,* 717 P.2d 984 (Colo. App.1985). Accordingly, we conclude that, for purposes of the statute, it is the date of mailing of the notice, not of its receipt, which establishes the commencement of the ten-day waiting period before the lien statement itself may be recorded.

The judgment is reversed and the cause is remanded for further proceedings.

JONES and REED, JJ., concur.